NDWV2
**Attachment A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

JOSEPH RANDOLPH MAYS, pro se

_____

*Your full name*

SEP 22 2020

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

**FEDERAL CIVIL RIGHTS**
**COMPLAINT**
(*BIVENS* ACTION)

v.

Richard Hudgins

Rick Wilson

Brent Miller

D. J. Harmon

*Enter above the full name of defendant(s) in this action*
Continued on Page 7A

Civil Action No.: 3:20 cv 181
*(To be assigned by the Clerk of Court)*

Groh
Trumble
Sims

### I.    JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)**.  The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

### II.    PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

A.    Name of Plaintiff: JOSEPH RANDOLPH MAYS  Inmate No.: 43487-007
       Address: FEDERAL CORRECTIONAL INSTITUTION - GILMER
               PO BOX 6000   GLENVILLE, WV 26351-6000

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

NDWV2

Attachment A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FEDERAL CIVIL RIGHTS COMPLAINT

DEFENDANT LIST CONTINUATION

| Name (First Name, Last Name) | Location | Title |
|---|---|---|
| Ian Connors | FBOP Central Office | Inmate Appeals Administrator |
| Alicia Wilson | FCI Gilmer | Physician Assistant |
| Eddie Anderson | FCI Gilmer | Clinical Director |
| A. Sligar | Retired | C-3 Unit Counselor |
| Jennifer Saad | Retired | Warden FCI Gilmer |
| John Doe | FCI Gilmer | Compound Control Officer (3-1-2019) |
| R. Clem | FCI Gilmer | C-Unit Manager |
| Officer Massey | FCI Gilmer | Med Trip Officer 1-27-2020 |

Page 7A

NDWV2
**Attachment A**

B.    Name of Defendant: Richard Hudgins
Position: Warden
Place of Employment: Federal Correctional Institution - Gilmer
Address: 201 FCI Lane
Glenville, WV 26351-5000

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Defendant Hudgins is the
CEO of FCI Gilmer and is responsible for investigating and
responding to Administrative Remedy Requests. The Warden is the
Agency Head, per OSHA, and responsible for eliminating safety and
health hazards. He is responsible for establishing controls to
protect individuals.

B.1    Name of Defendant: Rick Wilson
Position: Environmental and Safety Compliance Administrator
Place of Employment: Federal Correctional Institution Gilmer
Address: 201 FCI Lane
Glenville, WV 26351-5000

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?    ☒ Yes  ·      ☐ No

If your answer is "YES," briefly explain: Defendant (R.) Wilson is
responsible for taking prompt action to assure that hazardous
conditions are eliminated. He is the Designated Agency Safety
and Health Official (DASHO) for FCI Gilmer and works in
the Safety Department, which oversees/monitors water quality

B.2    Name of Defendant: Brent Miller
Position: Safety Department
Place of Employment: Federal Correctional Institution - Gilmer
Address: 201 FCI Lane
Glenville, WV 26351-5000
Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?    ☒ Yes        ☐ No

NDWV2
**Attachment A**

If your answer is "YES," briefly explain: Defendant Miller works in the Safety Department. Upon information and belief, he is responsible for monitoring the prison sewer system to include flushing it. He, as a member of the Safety Department is responsible for monitoring the water quality at the institution.

B.3    Name of Defendant: D. J. Harmon
Position: Regional Director, Mid-Atlantic Region, FBOP
Place of Employment: Federal Bureau of Prisons Mid-Atlantic Region
Address: 302 Sentinel Drive Suite 200
Annapolis Junction, MD 20701

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: They are responsible for monitoring the Administrative Remedy Program at the Regional Office. They shall acknowledge receipt of a Request or Appeal by returning a receipt to the inmate and conduct an investigation into each Request or Appeal.

B.4    Name of Defendant: Alicia Wilson
Position: Physician Assistant
Place of Employment: Health Services, Federal Correctional Institution - Gilmer
Address: 201 FCI Lane
Glenville, WV 26351-5000

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Defendant (A.) Wilson has a duty of care to the Plaintiff, under 18 U.S.C. § 4042, to provide for his care. Plaintiff attempted to obtain Defendant Wilson's job description (Physician's Assistant (PA)), via FOIA in 2019, but the FBOP did not respond to that request.

---

*United States District Court*                9                *Northern District of West Virginia-2013*

NDWV2
**Attachment A**

B.5    Name of Defendant: IAN CONNORS
Position: NATIONAL INMATE APPEALS ADMINISTRATOR
Place of Employment: FEDERAL BUREAU OF PRISONS
Address: 320 FIRST STREET NW (OFFICE OF GENERAL COUNSEL)
WASHINGTON, DC 20534

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: He is responsible for
monitoring the Administrative Remedy Program at the Central office.
He also serves as the primary point of contact for the Warden
or Regional Director in discussions of Administrative Remedies
appealed to higher levels.

## III.    PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: FEDERAL CORRECTIONAL INSTITUTION - GILMER

A.    Is this where the events concerning your complaint took place?
☒ Yes    ☐ No

If you answered "NO," where did the events occur?
N/A

B.    Is there a prisoner grievance procedure in the institution
where the events occurred?    ☒ Yes    ☐ No

C.    Did you file a grievance concerning the facts relating to this complaint in the
prisoner grievance procedure?
☒ Yes    ☐ No

D.    If your answer is "NO," explain why not: N/A

E.    If your answer is "YES," identify the administrative grievance procedure
number(s) in which the claims raised in this complaint were addressed

NDWV 2
**Attachment A**

B. 6  Name of Defendant: Eddie Anderson, DO
Position: Clinical Director, Physician
Place of Employment: Health Services, Federal Correctional Institution - Gilmer
Address: 201 FCI Lane
Glenville, WV 26351-5000

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?     ☒ Yes          ☐ No

If your answer is "YES," briefly explain: Defendant Anderson was
the Clinical Director and a Physician, for Health Services at FCI
Gilmer and is responsible for providing medically necessary
interventions to the Plaintiff.

B.7  Name of Defendant: A    Sligar  (Retired)
Position: Counselor C-3 Unit
Place of Employment: Federal Correctional Institution - Gilmer
Address: 201 FCI Lane           (LAST KNOWN ADDRESS)
Glenville, WV 26351-5000

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?     ☒ Yes          ☐ No

If your answer is "YES," briefly explain: Defendant Sligar was
responsible for handling phone call requests, special concerns
and requests of inmates and requests for administrative
remedy forms.

B.8  Name of Defendant: Jennifer Saad  (Retired)
Position: Warden
Place of Employment: Federal Correctional Institution - Gilmer
Address: 201 FCI Lane           (LAST KNOWN ADDRESS)
Glenville, WV 26351-5000
Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?     ☒ Yes          ☐ No

NDWV2
**Attachment A**

If your answer is "YES," briefly explain: Defendant Saad was the CEO of FCI Gilmer and was responsible for investigating and responding to Administrative Remedy Requests. She was the Agency Head, per OSHA, and was responsible for eliminating safety and health hazards. She also had to exercise controls to protect individuals.

B. 9   Name of Defendant: John Doe
Position: Compound Control Officer
Place of Employment: Federal Correctional Institution - Gilmer
Address: 201 FCI Lane
         Glenville, WV 26351-5000

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Defendant Doe was responsible for coordinating the operation and security of /at FCI Gilmer. They are responsible for using the public address system to accomplish this and to coordinate inmate movements and/or make announcements regarding issues on the compound.

B. 10   Name of Defendant: R.      Clem
Position: Unit Manager (C-Unit)
Place of Employment: Federal Correctional Institution - Gilmer
Address: 201 FCI Lane
         Glenville, WV 26351-5000

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Defendant Clem is responsible for ensuring that inmate notices (receipts, extension notices, and receipt disregard notices from institutions, regions, and the Central office) are printed out and delivered daily to inmates in their units and for deleting these notes from SENTRY promptly after delivery to the inmate.

NDWV2
**Attachment A**

B.11 Name of Defendant: Officer Massey
Position: Correctional Officer
Place of Employment: Federal Correctional Institution - Gilmer
Address: 201 FCI Lane
Glenville, WV 26351-5000

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?     ☒ Yes          ☐ No

If your answer is "YES," briefly explain: Defendant Massey is responsible
for the transport of the Plaintiff, and other inmates, between FCI
Gilmer and community-based medical care providers. He also has a duty
of care to all inmates pursuant to 18 USC § 4042.

B.12 Name of Defendant: John/Jane Does (as evidence becomes available)
Position: TBD (if/as evidence becomes available)
Place of Employment: TBD (if/as evidence becomes available)
Address: TBD (if/as evidence becomes available)

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?     ☒ Yes          ☐ No

If your answer is "YES," briefly explain: TBD

B.    Name of Defendant: N/A
Position: N/A
Place of Employment: N/A
Address: N/A

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?     ☐ Yes          ☐ No N/A

NDWV2
**Attachment A**

and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES:**

INFORMAL (BP-8) - RESPONDED 5-29-2019, BUT NO RELIEF

LEVEL 1 _983857-F1 - (Warden) responded 7-26-2019, but no relief_

LEVEL 2 _983857-R1 - (Regional Director) DID NOT RESPOND UNTIL 5-21-2020_

LEVEL 3 _983857-A1 (Central Office) - responded/rejected 1-6-2020_
_983857-A2 (Central Office) - accepted/delayed response to 5-22-2020_

IV.  PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?           □ Yes        ☒ No

B.  If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on  a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.  Parties to this previous lawsuit:

Plaintiff(s): _N/A_

Defendant(s): _N/A_

2.  Court: _N/A_
*(If federal court, name the district; if state court, name the county)*

3.  Case Number: _N/A_

4.  Basic Claim Made/Issues Raised: _N/A_

5.  Name of Judge(s) to whom case was assigned:
_N/A_

6.  Disposition: _N/A_
*(For example, was the case dismissed? Appealed? Pending?)*

7.  Approximate date of filing lawsuit: _N/A_

# EXHIBIT LIST

| Exhibit Number | Referring Paragraph Number(s) | Page Number(s) | Document Title | # of Pages |
|---|---|---|---|---|
| 1 | | | BP-8 (Informal Resolution) dated 5-29-2019 | 1 |
| 2 | | | BP-8 Response dated 5-29-2019 | 1 |
| 3 | | | BP-9 (Copy of Original signed for by Counselor Sligar dated 6-11-2019 - signed for (top right) on 6-12-2019 | 1 |
| 4 | | | Receipt BP-9 (983857-F1) dated 7-19-2019 BP-9 received on 7-11-2019 | 1 |
| 5 | | | Cover Page - BP-9 Response from Warden R. Hudgins dated and received on 8-2-2019 | 1 |
| 6 | | | BP-9 (Administrative Remedy Request - 983857) (Warden's Response) | 1 |
| 7 | | | BP-9 - Part B - Response to Institution Administrative Remedy (Warden's Response) dated 7-26-2019 | 1 |
| 8 | | | Electronic "Request to Staff" Response from Health Services (PA Wilson) dated 6-20-2019 | 2 |
| 9 | | | BP-10 (Regional Administrative Remedy Appeal) dated 8-15-2019 w/ Continuation Page NOTE: The FBOP Mid-Atlantic Regional Office DID NOT respond to this grievance until 5-21-2020. JRM | 2 |

Page 1 of 3

Page 2 of 3

# EXHIBIT LIST - GRIEVANCES (903057)

| Exhibit Number | Referring Paragraph Number(s) | Page Number(s) | Document Title | # of Pages |
|---|---|---|---|---|
| 10 | | | Electronic "Request to Staff" to Warden R. Hudgins dated 7-28-2019 RE: SAFETY OF THE INSTITUTION WATER | 2 |
| 11 | | | OSHA Memo from Warden Saad - RE: Safety and Health Protection | 1 |
| 12 | | | Notice to Inmate Population (First Step Act) RE: Ability to Notify Inmates | 1 |
| 13 | | | Electronic "Request to Staff" to Counselor Sligar dated 10-10-2019 (RE: Status of 903057-R1) | 1 |
| 14 | | | [Paper] "Requests to Staff" (2) to Counselor Sligar dated 10-23-2019 and 11-21-2019 RE: Status of Regional Appeal (903057-R1) | 2 |
| 15 | | | BP-11 (Central Office Administrative Remedy Appeal dated 11-22-2019 (903057-A1) | 2 |
| 16 | | | BP-11 Rejection Notice dated 1-6-2020 (903057-A1) NOTE: Received grievance package WITHOUT envelope | 1 |
| 17 | | | BP-11 Resubmission of Central Office Appeal (903057-A2) w/ Exhibit 1 (Receipt w/ copy cards and stamps) to verify/ justify delay in mailing). Certified Mail Receipt Number: 7017 2400 0000 5516 9986 | 2 |

# EXHIBIT LIST - GRIEVANCES (983857)

Page 3 of 3

| Exhibit Number | Referring Paragraph Number(s) | Page Number(s) | Document Title | # of Pages |
|---|---|---|---|---|
| 18 | | | Receipt BP-11 (983857-A2) and Extension Request dated 3-5-2020 | 2 |
| 19 | | | Receipt BP-11 (983857-A2) and Extension Request dated 5-1-2020 ** Note: 2½ months have passed since their receipt of the grievance appeal. | 3 |
| 20 | | | BP-10 Response (983857-R1) w/ Cover Page, Part B Response dated 5-21-2020, copy of Regional Appeal (2 pages), and a copy of BP-9 (Warden's Response (983857-F1)), Note lack of "date received" on the Regional Appeal, the date at the top right of the Appeal (2/4), which would match the date of the non-responsive Regional Appeal copy that was attached to 983857-A2 (Central Office Appeal), and the Regional Director's response date of 5-11-2020. Received on 6-1-2020 | 5 |
| 21 | | | BP-11 Response (983857-A2) w/ Cover Page, Part B Response dated 5-22-2020, Continuation Page, and the BP-11 (Central Office Appeal). Received it on 6-16-2020 - two days shy of FOUR MONTH from the date of receipt at the Central Office. | 4 |

A. Sligar

MAY 2 9 2019

25

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI/FPC GILMER
GLENVILLE, WEST VIRGINIA

5-28-2019 ★ I should NoT be retaliated against for addressing prison conditions JRM

The Bureau of Prisons Program Statement on Administrative Remedy Procedures for Inmates states that before an inmate seeks formal review of a complaint, he must try to resolve the complaint informally by presenting it to a staff member. The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INMATE'S NAME: MAYS, JoSEpH R,    REG. NO. 43487-007    UNIT: C-3/ 119U

1. Specific Complaint: I believe that there is an issue with the safety/quality of the water at FCI Gilmer, WV. When I drink the water in the morning, my stomach hurts more. I take water pills (hydrochlorothiazide) which require me to drink more water than the average prisoner. I currently have no choice but to drink the water. I fear that this issue may be aggravating my kidney problems (pain). The water also has a musty/earthy odor at times,

2. Relief Requested:
a. Assurances (through factual data) that the water for the prison is safe - Test results (recent)
b. If "a." cannot be provided, then bottled water or some other certified safe source of drinking water, including bottled water (The Eighth Amendment of the Constitution and 18 U.S.C. § 4042 mandate that we receive CLEAN drinking water). JRM

3. Date/Time Complaint received from inmate: 5/29/19

4. Date/Time Informally discussed with inmate: 5/29/19

5. Staff Response:

See attached response

6. Date Administrative Remedy provided: [ ]

7. Informal Resolution ☐ was or ☐ was not accomplished.

| | |
|---|---|
| Joseph R May  43487-007 | 5-29-2019 |
| Inmate Signature/ Register Number | Date |
| A. Sligar    hf/ CCC /R. Wilson . Safety | MAY 2 9 2019 |
| Staff Member's Name & Title | Date |
| | 5/29/19 |
| Unit Manager's Signature | Date |

DISTRIBUTION: If the complaint is informally resolved before being receipted, the Correctional Counselors shall maintain the informal resolution form for future reference. If the complaint is not informally resloved, forward the original resolution form, attached to the Administrative Remedy Clerk.

BP8 Reply

05-29-2019

The water provided to FCI Gilmer is processed and tested by the City of Glenville.  Specifically, the Gilmer County Public Service District monitors the water provided to the institution to ensure that contaminants do not exceed acceptable levels outlined in the Safe Drinking Water Act put forth by the Environmental Protection Agency.  The Gilmer County Public Service District regularly provides FCI Gilmer with Annual Drinking Water Quality reports which verify that there have been no contaminants in the water above the acceptable limits of the Safe Drinking Water Act. All inmates housed at FCI Gilmer are provided an opportunity to view these water quality reports in the Environmental & Safety Compliance department.  The Gilmer County Public Service District's water treatment plant is also subject to regular inspections for compliance by the West Virginia state health department.  The water that is provided to this institution is also provided to all residents and businesses in the Gilmer County Public Service District.  The City of Glenville has measures in place to immediately notify FCI Gilmer should an event ever arise where the water would become unsafe to drink.  In such an event, the inmate population would be notified and bottled drinking water would be provided, until the water is once again safe for consumption.  Bottled water is currently sold in the institution's commissary as a convenience for inmates who wish to participate in outdoor recreation, not as a substitute for poor quality drinking water.  Breaks in the line or repair can result in sediment entering the line. This is normal and can be expected if future breaks or repair occur. FCI Gilmer makes every effort to ensure a safe and healthful environment for all inmates and staff. The water is safe to drink.

R. Wilson
Environmental & Safety Compliance Administrator
FCI Gilmer, W.V.

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**
RE: SAFETY OF THE INSTITUTION WATER (QUALITY ISSUES)

(3) PAGES

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | MAYS, JOSEPH R. | 43487-007 | C-3/119U | FCI GILMER, WV |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** I AM FILING A FORMAL COMPLAINT ABOUT THE WATER QUALITY AT THIS INSTITUTION FCI GILMER, WV. I APPRECIATE THE RESPONSE BY MR. WILSON (R. WILSON) IN SAFETY, DATED 5-29-2019, BUT IT DOES NOT ADEQUATELY ADDRESS MY CONCERNS ABOUT THE PHYSICAL REACTIONS (STOMACH PAIN INCREASE AND KIDNEY PAIN INCREASE) AFTER DRINKING THE WATER IN THE MORNING AND AT THE NOON AND EVENING MEALS IN THE DINING HALL. DRINKING WATER — CLEAN WATER — SHOULD NOT CAUSE THESE REACTIONS IN MY BODY. I AM AWARE THAT PEOPLE'S BODIES REACT DIFFERENTLY TO DIFFERENT SUBSTANCES, HOWEVER WATER, UNLESS THERE ARE IMPURITIES IN IT, SHOULD NOT CAUSE MY BODY TO REACT IN SUCH A MANNER. THE BAD PART IS THAT I HAVE TO HAVE WATER TO TAKE MY MEDICINE. AND, AS MR. WILSON POINTED OUT IN THE BP-8 RESPONSE, THE BOTTLED WATER IS NO A SUBSTITUTE FOR CLEAN DRINKING WATER, I WOULD NOT BE FINANCIALLY ABLE TO BUY/SUSTAIN AN ADEQUATE SUPPLY TO ALLEVIATE MY PROBLEM. AS RELIEF, I WOULD LIKE A TEST PERFORMED ON THE WATER IN MY UNIT (C-3/119U) AND IN THE DINING HALL WHERE I GET WATER ON A DAILY/REGULAR BASIS. I WOULD ALSO LIKE TO BE /REQUEST TO BE TESTED FOR POSSIBLE [WATER] CONTAMINANTS. I SHOULD NOT HAVE TO SUFFER MORE PAIN (GENERALS 6-7 — AN INCREASE OF TWO (2) LEVELS) IN ADDITION TO THE PAIN I AM ALREADY SUFFERING FROM — AN ONGOING CONDITION THAT BEGAN ON 2-20-2018. I THANK YOU FOR YOUR TIME AND HELP WITH THIS SERIOUS PROBLEM. RESPECTFULLY SUBMITTED.

6-11-2019    ATTACHMENTS: BP-8 (1) PAGE 5-29-19 (RESP)
                          BP-8 RESPONSE (1) PAGE

Joseph Randolph Mays

DATE  ✶✶ I NOTICE STAFF MEMBERS BRINGING THEIR OWN WATER    SIGNATURE OF REQUESTER TO WORK

**Part B– RESPONSE**

_____ DATE                    _____ WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                 CASE NUMBER: _____

                                               CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

4

RECEIPT – ADMINISTRATIVE REMEDY

DATE: JULY 19, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      GILMER FCI

TO  : JOSEPH RANDOLPH MAYS, 43487-007
      GILMER FCI    UNT: C     QTR: C03-219U

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID      : 983857-F1
DATE RECEIVED  : JULY 11, 2019
RESPONSE DUE   : JULY 31, 2019
SUBJECT 1      : SAFETY, SANITATION, ENVIRONMENTAL CONDITIONS
SUBJECT 2      :

5

21

JOSEPH RANDOLPH MAYS, 43487-007
GILMER FCI      UNT: C    QTR: C03-219U
P.O. BOX 5000
GLENVILLE,   WV 26351

8/2/19

RECEIVED GRIEVANCE (REMEDY ID # 983857-F1) FROM C-3 UNIT OFFICER/C-3
UNIT SECRETARY MS. WILSON ON 8/2/2019 AT 8:00PM. Jem

**U.S. DEPARTMENT OF JUSTICE**                    **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons FROM                    RE: SAFETY OF THE INSTITUTION WATER (QUALITY ISSUES)

RESPONSE RECEIVED, C-3 UNIT OFFICER/C-3 UNIT SECRETARY MS. WILSON ON 8/2/2019 AT 8:00PM (INSTITUTION MAIL)

(3 PAGES) *Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | MAYS, JOSEPH R. | 43487-007 | C-3/119U | FCI GILMER, WV |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** I AM FILING A FORMAL COMPLAINT ABOUT THE WATER QUALITY AT THIS INSTITUTION FCI GILMER, WV. I APPRECIATE THE RESPONSE BY MR. WILSON (R. WILSON) IN SAFETY, DATED 5-29-2019, BUT IT DOES NOT ADEQUATELY ADDRESS MY CONCERNS ABOUT THE PHYSICAL REACTIONS (STOMACH PAIN INCREASE AND KIDNEY PAIN INCREASE) AFTER DRINKING THE WATER IN THE MORNING AND AT THE NOON AND EVENING MEALS IN THE DINING HALL. DRINKING WATER – CLEAN WATER – SHOULD <u>NOT</u> CAUSE THESE REACTIONS IN MY BODY. I AM AWARE THAT PEOPLE'S BODIES REACT DIFFERENTLY TO DIFFERENT SUBSTANCES, HOWEVER <u>WATER</u>, UNLESS THERE ARE IMPURITIES IN IT, SHOULD NOT CAUSE MY BODY TO REACT IN SUCH A MANNER. THE BAD PART IS THAT I <u>HAVE TO</u> HAVE WATER TO TAKE MY MEDICINE. AND, AS MR. WILSON POINTED OUT IN THE BP-8 RESPONSE, THE BOTTLED WATER IS <u>NOT</u> A SUBSTITUTE FOR CLEAN DRINKING WATER. I WOULD NOT BE FINANCIALLY ABLE TO BUY/SUSTAIN AN ADEQUATE SUPPLY TO ALLEVIATE MY PROBLEM. AS RELIEF, I WOULD LIKE A TEST PERFORMED ON THE WATER IN MY UNIT (C-3/119U) AND IN THE DINING HALL WHERE I GET WATER ON A DAILY/REGULAR BASIS. I WOULD ALSO LIKE TO BE/REQUEST TO BE TESTED FOR POSSIBLE [WATER] CONTAMINANTS. I SHOULD NOT HAVE TO SUFFER MORE PAIN (GENERALLY 6-7 – AN INCREASE OF TWO (2) LEVELS) IN ADDITION TO THE PAIN I AM ALREADY SUFFERING FROM – AN ONGOING CONDITION THAT BEGAN ON 2-20-2016. I THANK YOU FOR YOUR TIME AND HELP WITH THIS SERIOUS PROBLEM. RESPECTFULLY SUBMITTED.

6-11-2019    ATTACHMENTS: BP-8 (1) PAGE 5-29-19 DATE    *Joseph Randolph Mays*
                              BP-8 RESPONSE (1) PAGE

DATE ** I NOTICE STAFF MEMBERS DRINKING THEIR OWN WATER    SIGNATURE OF REQUESTER TO WORK

**Part B– RESPONSE**

_____              _____
DATE                                           WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                 CASE NUMBER: 983857-F1

                                               CASE NUMBER: 983857-F1

**Part C– RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____              _____
DATE                                   RECIPIENT'S SIGNATURE (STAFF MEMBER)

                                                               BP–229(13)
                                                               APRIL 1982

RECEIVED ON 8/2/2019 FROM C-3 UNIT OFFICER C-3 UNIT SECRETARY MS. WILSON AT 8:00 PM JRM

**FEDERAL CORRECTIONAL INSTITUTION-GILMER, GLENVILLE, WV**
**PART B - RESPONSE TO INSTITUTION ADMINISTRATIVE REMEDY**

**Date Filed: July 11, 2019**                    **Remedy ID No. 983857-F1**

Your Request for Administrative Remedy #983857-F1 was received on July 11, 2019.  You state the water quality at FCI Gilmer is poor and causing health concerns and you would like it tested.

A review into this matter reveals the water provided to FCI Gilmer is processed and tested by the City of Glenville. Specifically, the Gilmer County Public Service District monitors the water provided to the institution to ensure that contaminants do not exceed acceptable levels outlined in the Safe Drinking Water Act put forth by the Environmental Protection Agency.  The Gilmer County Public Service District regularly provides FCI Gilmer with Annual Drinking Water Quality reports which verify that there have been no contaminants in the water above the acceptable limits of the Safe Drinking Water Act. All inmates housed at FCI Gilmer are provided an opportunity to view these water quality reports in the Environmental & Safety Compliance department.  The Gilmer County Public Service District's water treatment plant is also subject to regular inspections for compliance by the West Virginia State Health Department.  The water that is provided to this institution is also provided to all residents and businesses in the Gilmer County Public Service District.  The City of Glenville has measures in place to immediately notify FCI Gilmer should an event ever arise where the water would become unsafe to drink.  In such an event, the inmate population would be notified and bottled drinking water would be provided, until the water is once again safe for consumption.  Bottled water is currently sold in the institution's commissary as a convenience for inmates who wish to participate in outdoor recreation, not as a substitute for poor quality drinking water.  FCI Gilmer makes every effort to ensure a safe and healthful environment for all inmates and staff.

This response is provided for informational purposes only.

If dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Mid-Atlantic Regional Office, 302 Sentinel Drive, Suite 200, Annapolis Junction, MD 20701.  Your appeal must be received in the Regional Office within 20 calendar days from the date of this response.


_____          7/26/19
R. Hudgins, Warden                          Date

CERTIFIED COPY — Case 3:20-cv-00181-GMG    Document 19    Filed 09/22/20    Page 20 of 57  PageID #: 117

**U.S. Department of Justice**

7018 2290 0000 1199 9488

Federal Bureau of Prisons

**¶p¹ Regional Administrative Remedy Appeal**

***RE: SAFETY OF THE INSTITUTION WATER (QUALITY ISSUES)***

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal. ** I SHOULD NOT BE RETALIATED AGAINST (IE. JOB LOSS, TRANSFER, ETC) FOR FILING THIS GRIEVANCE **

(22) PGS

From: MAYS, JOSEPH R.     43487-007     C-3/219U     FCI GILMER, WV

LAST NAME, FIRST, MIDDLE INITIAL  |  REG. NO.  |  UNIT  |  INSTITUTION

Part A - REASON FOR APPEAL  I AM APPEALING THE DECISION, MADE BY WARDEN R. HUDGINS, AT FCI GILMER, WV, ON 7-26-2019, IN REFERENCE TO MY GRIEVANCE (REMEDY ID NO.: 983857-F1) ABOUT THE QUALITY/ SAFETY OF THE WATER AT THE INSTITUTION (FCI GILMER, WV). I, ON MULTIPLE OCCASIONS THIS YEAR, HAVE HAD INSTANCES WHERE THE WATER IN MY TOILET (C-3/119 AND C-3/219) WAS LIGHT BROWN IN COLOR. AS A MATTER OF FACT, THE WATER IN MY TOILET WAS/IS LIGHT BROWN AGAIN TODAY!! MY STOMACH HAS ALSO BEEN HURTING VERY BAD TODAY. I WAS ALSO INFORMED THAT THERE ARE NO FILTERS ON THE WATER FOUNTAINS IN OUR UNIT (C-3). I HAD STATED, IN AN ELECTRONIC "REQUEST TO STAFF" DATED 7-28-2019, TO WARDEN HUDGINS, THAT THE WATER FROM THE WATER FOUNTAIN WAS ALSO LIGHT BROWN IN COLOR, LEAVING US WITH NO ALTERNATIVE WATER SOURCE. HIS MEMO STATES THAT THE WATER IN THE COMMISSARY IS FOR RECREATIONAL USE ONLY AND IS NOT A SUBSTITUTE FOR POOR WATER QUALITY. THE WARDEN NEVER CAME AND TALKED TO ME ABOUT THIS ISSUE NOR DID HE OBTAIN (A) SAMPLE(S) OF WATER FROM MY CELL TO CONFIRM WHAT HE AND MR. WILSON CLAIMED IN THEIR WATER QUALITY REPORT. IF THE WATER QUALITY IS WHAT THEY SAY IT IS, THEN THERE SHOULD HAVE BEEN NO PROBLEM TESTING THE WATER AND ME FOR CONTAMINANTS. THEY HAVE ALSO FAILED TO NOTIFY ME/INMATE POPULATION ABOUT WATER QUALITY ISSUES. WE WERE TOLD, OVER THE PA SYSTEM ON 3-2-2019 TO STOP ASKING ABOUT THE WATER. IT WAS..

8-15-2019  (2)ea ☑ BP-8 PACKAGE RPTS DATED 2-4-19 (4)ea   ☑ BP-10 PACKAGE (12) 22 PG TOTAL
(7)ea ☑ BP-9 PACKAGE RPTS DATED 7-28-19 (2)ea   Joseph R. Mays

DATE     See Continuation Page...     SIGNATURE OF REQUESTER

---

**Part B - RESPONSE**

---

DATE     REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE     CASE NUMBER: _____

---

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

---

DATE     SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

JOSEPH R. MAYS    43487-007    FCI Gilmer, WV    August 15, 2019

Continuation Page - BP-10 (RE: SAFETY OF THE INSTITUTION WATER)
RE: Remedy ID No.: 983857-F1

... turned off (water). Therefore we NEEDED to know/have a RIGHT to know, That amounts to cruel and unusual punishment. And, the Warden and the other responsible officer were deliberately indifferent to my basic needs - water for survival/life and to my serious medical needs. My stomach hurts after I drink the water, Excessive iron and chlorine, if these are the contaminants, cannot be good for the human body. I had also requested a test to check for contaminants in my body. That request was refused as well. A reasonable person jrm 11/22/19 would have had no problem performing such a test because they would have no problem standing on their word as to the safety of the water. And, since they know the water is clean, they would welcome confirmation of this via water and blood tests as I had requested.

As relief, I am requesting that the ACTUAL water quality information be made known to me/inmate population (the water issue affects ALL of us, not just me), jrm 11-22-19 If the water quality is poor, then we NEED to receive bottled water. Because this issue DIRECTLY affects my life, I will appeal this appeal if no action is taken to PROPERLY address and remedy the water quality issues.

I received a reply to my grievance, on 8-2-2019, from C-3 Unit Officer/ C-3 Unit Secretary Ms. Wilson at 20:00 (8:00PM). I did not have enough money for copy cards and stamps until today. I also want to point out how long it took staff (Warden's Office) to process my grievance. It was ten days shy of two (2) months. I gave it to C-3 Unit Counselor, Mr. Sligar on 6-12-2019, but the Warden's Office says they received it on 7-11-2019, nearly a month later. And I received NO notice for an extension of time to respond and didn't get a receipt until thirty-seven (37) days later. I also request that staff be made to adhere to deadlines Just as we are required to. Thank you for your time and attention to this very important matter. Have a nice day.

Respectfully submitted,

Joseph R. Mays

| ATTACHMENTS: | |
|---|---|
| - RTS (WARDEN HUDGINS - 7-28-19) | (2) PGS |
| - RTS (HEALTH SERVICES - 2-4-19) | (4) PGS |
| - GHSA MEMO FROM WARDEN SAAD | (1) PG |
| - NOTICE TO INMATE POPULATION (RE: ABILITY TO NOTIFY INMATES) | (1) PG |
| - COVER PAGE (BP-9 RESPONSE) 8-2-19 | (1) PG |
| - WARDEN RESPONSE 7-26-19 | (3) PGS |
| - RECEIPT (REMEDY ID 983857-F1) 7-19-19 | (1) PG |
| 6-12-19  - BP-9 FORM - 6-11-19 | (1) 3 PART PG |
| 5-27-19  - BP-9 FORM (COPY)-REVD BY MR.SLIGAR | (1) PG |

*10 p 1*

TRULINCS 43487007 - MAYS, JOSEPH RANDOLPH - Unit: GIL-C-C

15

-------------------------------------------------------------------------------------------------

FROM: 43487007
TO: WARDEN
SUBJECT: ***Request to Staff*** MAYS, JOSEPH, Reg# 43487007, GIL-C-C
DATE: 07/28/2019 06:47:40 PM

To: Mr. Hudgins, Warden, FCI Gilmer, WV
Inmate Work Assignment: F UNICOR 1

*** RECEIPT OF THE RECEIPT FOR MY GRIEVANCE (REMEDY ID 983857-F1) ***
[- RE: SAFETY OF THE INSTITUTION WATER (QUALITY ISSUES) -]

Date:    July 28, 2019

To:      Mr. Hudgins
         Warden
         FCI Gilmer, WV

From:    Joseph R. Mays, 43487-007
         Factory Manager Clerk, UNICOR
         FCI Gilmer, WV

Hello. I am writing to you today to acknowledge the receipt of the receipt for my grievance (remedy ID Number 983857-F1), from C-3 Unit Counselor Mr. Sligar, on Friday , July 19, 2019. The grievance is about my concerns abut the safety/quality of the institution water supply. The details of the receipt are shown below.

RECEIPT DETAILS
-------------------------------------------------------------------------------------------------

Date: July 19, 2019

REMEDY ID       : 983857-F1
DATE RECEIVED   : JULY 11, 2019
RESPONSE DUE    : JULY 31, 2019
SUBJECT 1       : SAFETY, SANITATION, ENVIRONMENTAL CONDITIONS

-------------------------------------------------------------------------------------------------

END RECEIPT DETAILS

I am currently experiencing stomach/abdominal pain that has been ongoing since February 2018. I have had issues with the water irritating my stomach. I wake up in the morning and drink half a cup to a cup of water from the sink in the room. The pain in my stomach will increase within five (5) minutes after I drink the water. It goes from 5 to 7 on a pain scale of 1 to 10.

There have been multiple instances, this year (2019), where the water in my room was light-brown (rust-colored). I made health Services aware of a previous issue, on February 4, 2019, via two (2) electronic "Requests to Staff". There was a leak in the water tower on February 3, 2019. We were given bottled water (2 bottles) for the noon meal ONLY. The water in the toilet was STILL light brown in color on February 4, 2019 at 11:30AM. Health Services' response to both requests was, "This is not a Health Services issue". maybe not directly, but indirectly, as far as my care and my health, it IS their issue. They should WANT to coordinate with institution staff to safeguard the health of ALL inmates on the compound.

In another instance, on March 2, 2019, the institution did not have any running water. On that day, we WERE NOT informed about the situation wit the water and had BO choice but to ask. When many of us asked about the the status of the water, we were told to stop asking about it. An officer actually got on the PA at approximately 5:40PM and told us (inmate population) to stop asking about the water. There was an allegation of one CO threatening to shake down inmate cells if they asked him about the water again. If that allegation is true, that is inhumane. A number of CO's bring THEIR OWN water to the institution. They DON'T have to drink the water here. The majority of us have no choice.

In the most recent incident, which occurred from July 16 to July 18, 2019, no notice was provided here either. The toilet water in my cell was light brown in color abd was in that condition forty-eight (48) hours later. Even the water from the water fountain was light brown in color. If we were not provided with bottled water, then we had no clean water available.

TRULINCS  43487007 - MAYS, JOSEPH RANDOLPH - Unit: GIL-C-C

--------------------------------------------------------------------------------------------------

I am asking that, from this point forward, that adequate notice be provided on the institution for everyone (staff included) if there is an issue with the quality of the institution water supply. And, for the inmate population, that we be provided with bottled water until the institution water supply returns to normal.

I thank you for your time and help with this matter.

Respectfully submitted,

Joseph R. Mays
43487-007
C-3/219U

NOTE: It is against the US Constitution, federal and state statutes, and FBOP policy to retaliate against inmates for addressing conditions of confinement. Therefore., I should not be retaliated against (i.e. job loss, transfer, etc.) by anyone involved in the processing of this grievance or as a result of doing so.

# Occupational Safety and Health Protection For Employees of *FCI Gilmer*

The Occupational Safety and Health Act of 1970, Executive Order 12196 and 29 CFR 1960 require the heads of Federal agencies to furnish to employees places and conditions of employment that are free from job safety and health hazards.

## Responsibilities of FCI Gilmer

### 1. General Requirements
The *Warden* will furnish *FCI Gilmer* employees places and conditions of employment that are free from on-the-job safety and health hazards.

### 2. OSHA Regulations
*FCI Gilmer* will comply with applicable regulations of the Occupational Safety and Health Administration.

### 3. Reporting Hazards
*FCI Gilmer* will respond to employee reports of hazards in the workplace.

### 4. Workplace Inspections
*FCI Gilmer* will insure that each workplace is inspected annually for hazardous conditions. *FCI Gilmer* will post Notices of Unsafe or Unhealthful Working Conditions found during the inspections for a minimum of three working days, or until the hazard is corrected, whichever is later.

### 5. Correction of Unsafe Conditions
*FCI Gilmer* will take prompt action to assure that hazardous conditions are eliminated. Imminent danger conditions will be corrected immediately.

### 6. Safety and Protective Equipment
*FCI Gilmer* will acquire, maintain and require use of appropriate protective and safety equipment.

### 7. Safety and Health Training
*FCI Gilmer* will provide occupational safety and health training for employees.

### 8. Reporting Accidents, Injuries and Occupational Illnesses
Supervisors must submit a supervisor's report of accidental injury/illness for all work-related accidents, injuries or occupational illnesses experienced by employees under their supervision.

### 9. Safety and Health Committees
*FCI Gilmer* will support any safety and health committees that are formed from management and employee representatives.

## Employee Responsibilities

### 1. Compliance with Standards
Employees shall comply with all OSHA and approved *FCI Gilmer* occupational safety and health standards, policies and directives.

### 2. Safety and Protective Equipment
Employees shall use appropriate protective and safety equipment provided by *FCI Gilmer*.

## Rights of Employees and Their Representatives

### 1. Participation in Safety and Health Program
Employees and their representatives shall have the right to participate in the *FCI Gilmer* Safety and Health Program. Employees shall be authorized official time for these activities.

### 2. Access to Records and Documents
Employees and their representatives shall have access to copies of applicable OSHA and other recognized standards and regulations; *FCI Gilmer* safety and health policies and directives; accident, injury and illness statistics of *FCI Gilmer*.

### 3. Reporting Hazards
Employees and their representatives shall have the right to report unsafe or unhealthful working conditions to appropriate officials and to request an inspection of the workplace. The name of the employee making the report will be kept confidential if requested.

### 4. Freedom from Fear of Reprisal
Employees and their representatives are protected from restraint, interference, coercion, discrimination, or reprisal for exercising any of their rights under the *FCI Gilmer* Safety and Health Program.

## Responsible Officials

The Designated Agency Safety and Health Official (DASHO) for *FCI Gilmer* is *Rick Wilson, ESCA*.

The Safety and Health Designee for this workplace is:

Rick Wilson, ESCA

and may be contacted at

304-626-2500 – FCI Gilmer, Safety Office

(Telephone and location)

## Further Information

This notice highlights the *FCI Gilmer* employee job safety and health program. More information about the *FCI Gilmer* program or its standards and procedures may be obtained from the workplace Safety and Health Designee.

Washington D.C.
2000

Agency Head Signature

MAYS, JOSEPH 43487007

12

NOTICE TO INMATE POPULATION

On December 21, 2018, the President signed the First Step Act of 2018.  Among other provisions, the First Step Act makes changes related to inmate requests for reduction in sentence/compassionate release.

Inmates who believe they are eligible for a reduction in sentence are reminded that they may initiate the Bureau review process by submitting a request in writing to the Warden.  Requests may also be submitted by an inmate's spouse, partner, family member, or attorney.

Policy has been updated to include First Step Act requirements.  Criteria used in evaluating such requests, along with the procedures for the review process, are described in Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g).  The Program Statement will be available on the TRULINCS Bulletin Board until the next issuance of the Electronic Law Library, or is available upon request.

The First Step Act provides inmates sentenced under the Sentencing Reform Act of 1984 ("new law" inmates) with the right to bring a motion requesting a reduction in sentence with the relevant sentencing court, following the earlier of:

(a) the denial of the request and the exhaustion of all administrative appeals, in this case receiving a denial from the Office of General Counsel; or

(b) the lapse of 30 days from the receipt of the request by the Warden.

In all cases, Bureau staff will properly process properly submitted requests for reductions in sentences, and inmates are encouraged to work with institution staff regarding the processing of such requests.

TRULINCS 43487007 - MAYS, JOSEPH RANDOLPH - Unit: GIL-C-C

---------------------------------------------------------------------------------------------------------

FROM: 43487007
TO: Unit C
SUBJECT: ***Request to Staff*** MAYS, JOSEPH, Reg# 43487007, GIL-C-C
DATE: 10/10/2019 07:41:01 AM

To: Mr. Sligar, Counselor, C-3 Unit, FCI Gilmer, WV
Inmate Work Assignment: F UNICOR1

*** REQUEST FOR RECEIPT AND STATUS OF GRIEVANCE (REMEDY ID NO.: 983857-R1 ***
[ - Safety of the Institution Water/Quality - ]

Date:    October 10, 2019

To:    Mr. Sligar
       Counselor, C-3 Unit
       FCI Gilmer, WV

From:    Joseph R. Mays, 43487-007
         Factory Manager Clerk
         FCI Gilmer, WV

Hello. I am writing to request a receipt and the status report, from SENTRY, for my appeal for my grievance (BP10 - Remedy ID No.: 983857-R1) regarding the safety/quality of the institution (FCI Gilmer, WV) water. The grievance (BP-10) was dated 8-15-2019 and was sent out shortly thereafter, prior to the lockdown on 8-22-2019.

I have NOT received a response yet, unless my mail/grievance was intercepted and/or is being held in the C-3/C-4 staff area.

I have also been receiving my grievances WITHOUT their envelopes. These envelopes have the date that the grievances were sent to me from the Mid-Atlantic Regional Office. I would like to receive my grievances in their original envelopes.

You stated to me, on 10-9-2019, at the UNICOR PM work call, that you would be available, from 9AM to 7PM. If I am not able to see you, you can print both of these items out, fold them and staple them, and give them to the C-3 Unit Officer to give to me at mail call. It has been done before - with responses to copouts (Requests to Staff). This is no different. You KNOW that I work at UNICOR and I cannot be here during the day as a result.

I also need a BP-11 (pink form).

I thank you for your time and attention to this important matter. Have a nice day.

Respectfully submitted,

Joseph R. Mays
43487-007
C-3/219U

NOTE: I should NOT be retaliated against for filing this grievance. JRM

14p1

BP-A148.055                          INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) FCI MR. SUGAR, COUNSELOR, C-3 UNIT, GILMER, WV | DATE: 10-23-2019 |
|---|---|
| FROM: JOSEPH R. MAYS | REGISTER NO.: 43487-007 |
| WORK ASSIGNMENT: F UNICOR 1 | UNIT: C-3 / 219U |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request. ★★★ [SECOND (PAPER)] REQUEST FOR STATUS OF GRIEVANCES / RECEIPT FOR GRIEVANCE ★★★

HELLO, I AM WRITING TO ASK YOU, FOR THE SECOND TIME IN A WEEK, FOR A
COPY OF THE RECEIPT FOR 1) REMEDY ID NO.: 983857-R1 (AND ITS STATUS) AND
2) A COPY OF THE RECEIPT FOR THE BP-9 PACKAGE THAT I GAVE TO MR. CLEM AT THE
NOON MAINLINE ON 9-12-2019. THAT GRIEVANCE WAS ABOUT GETTING MY MEDICAL ISSUES
RESOLVED. ISSUES WHICH HAVE ELEVATED IN SEVERITY TO CHEST PAINS AND MY HANDS
TURNING BLUE. I NEED THE STATUS ON THAT ONE ASAP. IT ONLY TAKES A MINUTE - YOU DID
IT ON 9-12-2018 (https://bop.tcp.doj.gov:9049/SENTRY/J1PRGR0.do - Administrative
Remedy Generalized Retrieval) - Remedy ID No. 926049-A2. PLEASE PRINT OUT AND GIVE TO UNIT CO.
RESPECTFULLY SUBMITTED   JOSEPH R. MAYS   Joseph R. Mays

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
|  |  |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER          SECTION 6

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM

SEP 98

**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) FCI MR. SLICAR, COUNSELOR, C-3 UNIT. GILMER, WV | DATE: 11-21-2019 |
|---|---|
| FROM: JOSEPH R. MAYS | REGISTER NO.: 43487-007 |
| WORK ASSIGNMENT: F UNICOR1 | UNIT: C-3/219U |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.) ★★★ REQUEST FOR STATUS OF GRIEVANCE (REMEDY ID no: 983857-R1)★★

HELLO. I AM WRITING TO YOU TODAY TO REQUEST THE STATUS OF MY GRIEVANCE (REMEDY ID No.: 983857-R1), TO THE FBOP MID-ATLANTIC REGIONAL OFFICE, DATED 8-15-2019. THEY ARE MORE THAN SIXTY (60) DAYS PAST DUE WITH THEIR RESPONSE TO MY GRIEVANCE, ON THE PRINTOUT FROM SENTRY THAT YOU PRINTED OUT ON 10-18-2019 THEY ARE DUE TO RESPOND ON 10-21-2019, THEY ARE THIRTY (30) DAYS PAST DUE. PLEASE PROVIDE AS WITH AN UPDATED REPORT FROM SENTRY, FOR THIS GRIEVANCE. THANK YOU.

RESPECTFULLY SUBMITTED.

JOSEPH R. MAYS
43487-007           (Do not write below this line)

DISPOSITION:


| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

Printed on Recycled Paper

U.S. Department of Justice — Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

7019 0700 0000 5734 2740    RE: REMEDY ID No.: 983857-R1 (REGIONAL APPEAL)
*** RE: SAFETY OF THE INSTITUTION WATER (QUALITY ISSUES) ***

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal. **I SHOULD NOT BE RETALIATED AGAINST FOR FILING THIS GRIEVANCE**

(35) PGS

From: MAYS, JOSEPH R.    43487-007    C-3/219U    FCI GILMER, WV
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO. [60+ DAYS]    UNIT    INSTITUTION

Part A - REASON FOR APPEAL  I AM APPEALING THE LACK OF RESPONSE TO MY GRIEVANCE (REMEDY ID NO.: 983857-R1 DATED 8-15-2019) BY THE MID-ATLANTIC REGIONAL OFFICE. I MAILED MY GRIEVANCE TO THEM ON OR ABOUT 8-15-2019. A SENTRY REPORT SHOWS THAT IT WAS RECEIVED ON 8-22-2019. IT SAYS THE DUE DATE FOR A RESPONSE WAS 10-21-2019. I WAS NOT GIVEN/HAVE NOT RECEIVED AN EXTENSION NOTICE FROM THE MID-ATLANTIC REGIONAL OFFICE. THIRTY-FIVE (35) DAYS HAVE PASSED AND I HAVE NOT RECEIVED A RESPONSE. I DO, HOWEVER, SEE A NEW WATER TOWER TO THE RIGHT OF THE CURRENT WATER TOWER. THIS CONFIRMS MY SUSPICIONS ABOUT THE WATER SUPPLY. WHAT IS THE EXACT REASON, OR REASONS, FOR THE REPLACEMENT OF THE TOWER? IF THE WATER IN THE OLD TOWER WAS CONTAMINATED AND THE WARDEN AND OTHERS KNOW/KNEW ABOUT IT, THEN ALL PARTIES WITH KNOWLEDGE OF THIS PROBLEM ARE CRIMINALLY AND CIVILLY LIABLE FOR THE NEGATIVE HEALTH EFFECTS THAT I HAVE BEEN SUFFERING FROM AS A RESULT. IN SHORT, ALL RESPONSIBLE PARTIES HAVE BEEN DELIBERATELY INDIFFERENT TO MY HEALTH AND SAFETY AND MADE NO EFFORT TO SHOW CONCERN, COMPASSION, AND DIGNITY FOR MY LIFE BY: 1) TESTING THE WATER IN MY CELL(S) (C-3/119 AND THEN...

**FCI GILMER, WV**
WATER (SUPPLY) TANKS/TOWERS
OLD   NEW
ON T
OF HI
ABOVI
REC
YARI
AS VIEWED ON 11-2-20

11-22-2019    See Continuation Page...    Joseph Rashad Mays
DATE    SIGNATURE OF REQUESTER

Part B - RESPONSE

RECEIVED
DEC 0 5 2019
Administrative Remedy Section
Federal Bureau of Prisons

DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL
CASE NUMBER: 983857-A1

Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN    PRINTED ON RECYCLED PAPER    BP-231(13)
JUNE 2002

JOSEPH R. MAYS    43487-007    FCI Gilmer, WV    November 22, 2019

Continuation Page - BP-11 (RE: SAFETY OF THE INSTITUTION WATER/QUALITY ISSUES)
RE: Remedy ID No.: 983857-R1

... C-3/(219), 2) PROVIDING ME WITH BOTTLED WATER, 3) TESTING MY BLOOD, HAIR, AND URINE FOR POSSIBLE WATERBORNE CONTAMINANTS, AND 4) GIVING AT LEAST MINIMAL CONSIDERATION THAT THE CHEST PAINS, CYANOSIS AND RESULTANT HYPOXEMIA, SINCE SEPTEMBER 7, 2019, MIGHT BE THE RESULT OF EXCESSIVE CONTAMINANTS IN MY BODY FROM THE DRINKING WATER. AS TO THE LATTER, THE WARDEN, EMT BREMAR, NURSE HALL, HSA MOORE, PA WILSON, AND J. HOUCHIN, TO NAME A FEW, MADE NO EFFORT TO SEND ME OUT TO THE HOSPITAL TO GET ME CHECKED OUT. I NOW HAVE BRADYCARDIA (ABNORMALLY SLOW HEART RATE), BUNDLE BRANCH BLOCK (INCOMPLETE/RIGHT), AND MY EKG, DATED 10-21-2019, FROM WHICH THE LATTER TWO ISSUES WERE REPORTED, WAS BORDERLINE. WHY HASN'T THE INMATE POPULATION BEEN OFFICIALLY NOTIFIED, IN WRITING, BY THE WARDEN OR FACILITIES STAFF, ABOUT THE NEW WATER TOWER? THE MAJORITY OF ALL STAFF THAT I SEE DRINK BOTTLED WATER, GET WATER FROM AN ALLEGED WATER FILTRATION SYSTEM IN THE STAFF AREA BETWEEN C-3 AND C-4 (UNITS) OR THEY BRING THEIR OWN WATER OR DRINKS, THEY DON'T DRINK OUT OF THE WATER FOUNTAINS ON THE UNIT (C-3). AS RELIEF, I AM ASKING, FOR THE THIRD TIME, TO: 1) HAVE THE WATER IN MY CELL (C-3/219) TESTED, 2) TO HAVE MY BLOOD, HAIR, AND URINE TESTED FOR CONTAMINANTS FROM THE WATER, 3) TO BE PROVIDED WITH BOTTLED WATER UNTIL THE NEW WATER TOWER IS OPERATIONAL AND THE WATER IN MY CELL TESTS NEGATIVE FOR CONTAMINANTS (ACTUALLY SAFE TO DRINK), BMH 4) ACCOUNTABILITY FOR THOSE RESPONSIBLE FOR ALLOWING THIS TO HAPPEN, IF IT FOUND OUT, IN THE FUTURE, THAT THE WATER WAS CONTAMINATED, AND 5) IF THE LATTER IS TRUE, TO BE COMPENSATED FOR THE PAIN AND SUFFERING (STOMACH/ABDOMINAL AND KIDNEY PAIN) THAT I HAVE ENDURED EVERY DAY, FOR MORE THAN A YEAR DUE TO THE DEPRIVATION OF CLEAN DRINKING WATER, OVER WHICH I HAVE ABSOLUTELY NO CONTROL OR CHOICE DUE TO MY STATUS AS AN INMATE. I MUST DEPEND ON PRISON STAFF AS PER 18 U.S.C. §4042(a)(2) and Estelle v. Gamble 429 U.S. 97, 104, 97 S. Ct. 285 (1976) (It is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself.")

Respectfully submitted,

Joseph R. Mays, 43487-007

Attachments - PAPER "RTS" DATED 11-21-2019 (MR. SUGAR)    (1) EG
PAPER "RTS" DATED 10-23-2019 (MR. SMITH)    (1) EG
PAPER "RTS" DATED 10-18-2019 (MR. SUGAR)    (2) EGS
W/ SENTRY ARS PRINTOUT (983857-R1) 10-18-19
INMATE BULLETIN - INSTITUTION SCHEDULE    9-17-2019 (2) EGS
(RE: ABILITY TO NOTIFY INMATE POPULATION)
ELECTRONIC "RTS" DATED 10-10-2019 (MR. SUGAR)    (1) EG
E ★ ELECTRONIC "RTS" DATED 10-21-2019 (HEALTH SERV.)    (2) EGS
E ★ SICK CALL REQUESTS (12-28-18 & 4-18-19)    (2) EGS
E ★ ELECTRONIC "RTS" DATED 6-26-2019 (HEALTH SERV.)    (2) EGS

★ - MEDICAL ISSUES - POSSIBLE COMPLICATIONS OF WATER QUALITY
E - EXACERBATING FACTOR (WATER IN CELL) - STOMACH PAIN

*RECEIVED FROM C-3 UNIT OFFICER CLARK ON 1-20-2020 @ 1711 JRM*

*RECEIVED GRIEVANCE WITHOUT ENVELOPE AGAIN!!*

*1*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 6, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JOSEPH RANDOLPH MAYS, 43487-007
      GILMER FCI     UNT: C    QTR: C03-219U
      P.O. BOX 5000
      GLENVILLE,  WV 26351


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 983857-A1       CENTRAL OFFICE APPEAL
DATE RECEIVED   : DECEMBER 5, 2019
SUBJECT 1       : SAFETY, SANITATION, ENVIRONMENTAL CONDITIONS
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT SUBMIT THE CORRECT NO. OF COPIES OF THE
                 ATTACHMENTS (NEW DOCUMENTATION NOT CONSIDERED BY LOWER
                 LEVELS).  2 AT INSTITUTION; 3 AT REGION; AND 4 AT CENTRAL
                 OFFICE.  THE NUMBER CITED INCLUDES YOUR ORIGINAL.

REJECT REASON 2: YOU DID NOT PROVIDE A COPY OF YOUR   REGIONAL OFFICE
                 ADMINISTRATIVE REMEDY APPEAL (BP-10) FORM ~~THE (BP-10) RESPONSE FROM THE REGIONAL DIRECTOR~~

REJECT REASON 3: SEE REMARKS.

+ REMARKS          REGION ACCEPTED YOUR APPEAL ON 9-1019, & DID NOT
                   RESPOND TIMELY. PROVIDE COPY OF MISSING BP-10 FORM &
                   ALL ATTACHMENTS REF. IN BP-11 & WE WILL ACCEPT.

*THAT I SUBMITTED. JRM*

+ I. DID PROVIDE A COPY OF THE MISSING BP-10 FORM. IT IS PAGE ⑲ AND THE
CONTINUATION PAGE IS PAGE # ⑳. BOTH ARE DATED 8-15-2019. I WAITED
UNTIL 11-24-2019, BEFORE I MAILED THE/THIS BP-11 OUT, TO GIVE THE
REGIONAL OFFICE AN OPPORTUNITY TO RESPOND. HOWEVER, I RECEIVED NO RESPONSE
AND, AS OF 1-22-2020, HAVE NOT PHYSICALLY RECEIVED THE MISSING BP-10
SO I CANNOT REASONABLY BE EXPECTED TO COMPLY WITH SOMETHING THAT
IS BEYOND MY CONTROL. EITHER THE REGIONAL OFFICE WITHHELD IT ERRONEOUSLY
OR UNIT MANAGER GUNN AND/OR OTHERS, AT FCI GILMER, WV WITHHELD IT TO
ATTEMPT TO THWART/INTERFERE WITH MY EFFORTS TO PROPERLY EXHAUST MY
GRIEVANCE - JRM I HAVE NO PROBLEM COPYING ATTACHMENTS. DELAY DUE TO NON-
AVAILABILITY OF COPY CARDS ON 1-19-2020. JRM  SEE EXHIBIT 1

Case 3:20-cv-00138-GMG   Document 1   Filed 09/22/20   Page 32 of 57   PageID #: 129

7019 0700 0000 5734 2740

Federal Bureau of Prisons

**REMEDY ID No.: 983857-R1 (REGIONAL APPEAL)**
**★★★ RE: SAFETY OF THE INSTITUTION WATER (QUALITY ISSUES) ★★★**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal. **★★ I SHOULD NOT BE RETALIATED AGAINST FOR FILING THIS GRIEVANCE ★★**

(35) PGS

1/23
②

| From: MAYS, JOSEPH R. | 43487-007 | C-3/219U | FCI GILMER, WV |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. [60+DAYS] | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** I AM APPEALING THE LACK OF RESPONSE TO MY GRIEVANCE (REMEDY ID No. 983857-R1 DATED 8-15-2019) BY THE MID-ATLANTIC REGIONAL OFFICE. I MAILED MY GRIEVANCE TO THEM ON OR ABOUT 8-15-2019, A SENTRY REPORT SHOWS THAT IT WAS RECEIVED ON 8-22-2019. IT SAYS THE DUE DATE FOR A RESPONSE WAS 10-21-2019. I WAS NOT GIVEN/HAVE NOT RECEIVED AN EXTENSION NOTICE FROM THE MID-ATLANTIC REGIONAL OFFICE. THIRTY-FIVE (35) DAYS HAVE PASSED AND I HAVE NOT RECEIVED A RESPONSE. I DO, HOWEVER, SEE A **NEW** WATER TOWER TO THE RIGHT OF THE CURRENT WATER TOWER. THIS CONFIRMS MY SUSPICIONS ABOUT THE WATER SUPPLY. WHAT IS THE EXACT REASON, OR REASONS, FOR THE REPLACEMENT OF THE TOWER? IF THE WATER IN THE OLD TOWER WAS CONTAMINATED AND THE WARDEN AND OTHERS KNOW/KNEW ABOUT IT, THEN ALL PARTIES WITH KNOWLEDGE OF THIS PROBLEM ARE CRIMINALLY AND CIVILLY LIABLE FOR THE NEGATIVE HEALTH EFFECTS THAT I HAVE BEEN SUFFERING FROM AS A RESULT. IN SHORT, ALL RESPONSIBLE PARTIES HAVE BEEN DELIBERATELY INDIFFERENT TO MY HEALTH AND SAFETY AND MADE NO EFFORT TO SHOW CONCERN, COMPASSION, AND DIGNITY FOR MY LIFE BY: 1) TESTING THE WATER IN MY CELL(S) (C-3/119 AND THEN...

★★ FCI GILMER, WV ★★ WATER(SUPPLY) TANKS OLD   NEW

AS VIEWED ON 11-2-20

11-22-2019     See Continuation Page...

DATE                     SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
DEC 0 5 2019
Administrative Remedy Section
Federal Bureau of Prisons

| DATE | GENERAL COUNSEL |
|---|---|
| ORIGINAL: RETURN TO INMATE | CASE NUMBER: 983857-A1 |

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

DATE _____     SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN     PRINTED ON RECYCLED PAPER     BP-231(13)     JUNE 200

17p2

# Exhibit 1

JOSEPH R. MAYS 43487-007
FEDERAL CORRECTIONAL INSTITUTION -
GILMER
PO BOX 6000 GLENVILLE, WV 26351

RE: Reason for Delay in Correcting Grievance        January 22, 2020

Remedy ID Number

983857-A1

* Safety of the Institution (FCI Gilmer, WV) Water (Quality Issues)

. Copy cards not available until 1-21-2020    TX 6193351    RECEIPT #: 5

```
Sales Invoice  ---S.B.U.---
Gilmer FCI
MAIN
Account No. 43487007      TF05499
MAYS, JOSEPH RANDOLPH
01/21/2020 07:10:06 AM TX#6193351    5
------------------------------------------
BEGINNING BALANCES:
Available Balance is $28.12
Spending Limit Balance is $90.00
Account Balance is $28.93
==========================================
Qty  Description              Price
==========================================
 20 FOREVER STAMP            $11.00
*2 COPY CARDS               $13.00

             Total          $24.00

Charge 43487007   $24.00
------------------------------------------
Items marked with * are Local Use Only

ENDING BALANCES:
Available Balance is $4.12
Spending Limit Balance is $90.00
Account Balance is $4.93
------------------------------------------
        Fingerprint Verified
------------------------------------------
Signature
ALL SALES ARE FINAL!!!
```

RECEIVED FROM FCI GILMER C-3 UNIT COUNSELOR A. SLICAR DURING NOON MAINLINE
ON 3-5-2020 JRM

RECEIPT - ADMINISTRATIVE REMEDY

DATE: MARCH 5, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JOSEPH RANDOLPH MAYS, 43487-007
      GILMER FCI     UNT: C     QTR: C03-219U

THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 983857-A2
DATE RECEIVED   : FEBRUARY 18, 2020
RESPONSE DUE    : APRIL 18, 2020
SUBJECT 1       : SAFETY, SANITATION, ENVIRONMENTAL CONDITIONS
SUBJECT 2       :

*RECEIVED FROM FCI GILMER C-3 UNIT COUNSELOR A. SUGAR DURING THE NOON MAINLINE on 3-5-2020. JRM*

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: MARCH 5, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JOSEPH RANDOLPH MAYS, 43487-007
      GILMER FCI    UNT: C    QTR: C03-219U

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID      : 983857-A2
DATE RECEIVED  : FEBRUARY 18, 2020
RESPONSE DUE   : APRIL 18, 2020
SUBJECT 1      : SAFETY, SANITATION, ENVIRONMENTAL CONDITIONS
SUBJECT 2      :

RECEIVED FROM UNT OFFICER MEADOWS (C-3 UNIT)

ON 5-13-2020 AT 1432 pm

RECEIPT - ADMINISTRATIVE REMEDY

DATE: MAY 1, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JOSEPH RANDOLPH MAYS, 43487-007
      GILMER FCI    UNT: C    QTR: A04-106L

THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

REMEDY ID      : 983857-A2
DATE RECEIVED  : FEBRUARY 18, 2020
RESPONSE DUE   : APRIL 18, 2020
SUBJECT 1      : SAFETY, SANITATION, ENVIRONMENTAL CONDITIONS
SUBJECT 2      :

RECEIVED FROM UNIT OFFICER MEADOWS (C-3 UNIT)
ON 5-13-2020 AT 0932

RECEIPT - ADMINISTRATIVE REMEDY

DATE: MAY 1, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JOSEPH RANDOLPH MAYS, 43487-007   C3-219U
      GILMER FCI    UNT: C    QTR: A04-106L

THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

REMEDY ID      : 983857-A2
DATE RECEIVED  : FEBRUARY 18, 2020
RESPONSE DUE   : APRIL 18, 2020
SUBJECT 1      : SAFETY, SANITATION, ENVIRONMENTAL CONDITIONS
SUBJECT 2      :

RECEIVED FROM UNIT OFFICER MEADOWS (C-3 UNIT)

ON 5-13-2020 AT 1432 pm

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: MAY 1, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JOSEPH RANDOLPH MAYS, 43487-007
      GILMER FCI    UNT: C    QTR: A04-106L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID       : 983857-A2
DATE RECEIVED   : FEBRUARY 18, 2020
RESPONSE DUE    : APRIL 18, 2020
SUBJECT 1       : SAFETY, SANITATION, ENVIRONMENTAL CONDITIONS
SUBJECT 2       :

★ RECEIVED FROM C-3 UNIT OFFICER ON 6/1/2020 @ 1822 AT C-3/219 AT FCI GILMER, WV

JOSEPH RANDOLPH MAYS, 43487-007
GILMER FCI     UNT: C     QTR: C03-219U
P.O. BOX 5000
GLENVILLE,  WV 26351

COVER PAGE FOR REMEDY ID NUMBER 983857-R1 RESPONSE WHICH WAS RECEIVED
NEARLY NINE MONTHS LATER.

THE APPEAL - 983857-A1 (TO THE FBOP CENTRAL OFFICE) - WAS SENT TO THE CENTRAL
OFFICE OF THE FBOP AT THE END OF NOVEMBER 2019 AFTER THE MID-ATLANTIC REGIONAL
RECEIVED THE GRIEVANCE ON 8-22-2019. I WAS TOLD, VIA A SENTRY STATUS REPORT
THAT A RESPONSE WAS DUE ON 10-21-2019. I WAITED UNTIL 11-22-2019 AND
FAILED TO RECEIVE A RESPONSE FROM THE MID-ATLANTIC REGIONAL OFFICE. THE
CERTIFIED MAIL RECEIPT NUMBER IS: 7018 2290 0000 1199 9488 (BP-10 DATED 8-15-2019).
THE CERTIFIED MAIL RECEIPT NUMBER FOR THE BP-11 (REMEDY ID NUMBER: 983857-A1) DATED
11-22-2019 IS: 7019 0700 0000 5734 2740.

★ RECEIVED FROM C-3 UNIT OFFICER ON 6/1/2020 @ 1822 AT C-3/239 AT FCI GILMER, WV

## REGIONAL ADMINISTRATIVE REMEDY APPEAL
### PART B - Response

★Date Filed: August 22, 2019          Remedy ID No.: 983857-R1

You appeal the Warden's response to your request for
Administrative Remedy.  You state the water quality at FCI
Gilmer is poor and causing health concerns and you would like it
tested.

A review of the matter determined the Warden's response
appropriately addresses this issue.  The water provided to FCI
Gilmer is processed and tested by the City of Glenville in
accordance with the Safe Drinking Water Act.  You are also
afforded the opportunity to view the quality water reports.

This response is for informational purposes only.  If you are
dissatisfied with this response, you may appeal to the General
Counsel, Federal Bureau of Prisons, 320 First Street, NW,
Washington, DC 20534.  Your appeal must be received in the
General Counsel's Office within 30 days from the date of this
response.

★ MAY 2 1 2020
_____                    _____
Date                                        D.J. Harmon
                                            Regional Director
                                            Mid-Atlantic Region

CERTIFIED MAIL RECEIPT #:

**U.S. Department of Justice**

7018 2290 0000 1199 9488

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

***RE: SAFETY OF THE INSTITUTION WATER (QUALITY ISSUES)***

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal. **I SHOULD NOT BE RETALIATED AGAINST (I.E. JOB LOSS, TRANSFER, ETC) FOR FILING THIS GRIEVANCE**

(22) PGS

From: MAYS, JOSEPH R.                43487-007        C-3/219U      FCI GILMER, WV
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT          INSTITUTION

Part A - REASON FOR APPEAL  I AM APPEALING THE DECISION, MADE BY WARDEN R. HUDGINS, AT FCI GILMER, WV, ON 7-26-2019, IN REFERENCE TO MY GRIEVANCE (REMEDY ID NO.: 983857-F1) ABOUT THE QUALITY/ SAFETY OF THE WATER AT THE INSTITUTION (FCI GILMER, WV). I, ON MULTIPLE OCCASIONS THIS YEAR, HAVE HAD INSTANCES WHERE THE WATER IN MY TOILET (C-3/119 AND C-3/219) WAS LIGHT BROWN IN COLOR. AS A MATTER OF FACT, THE WATER IN MY TOILET WAS/IS LIGHT BROWN AGAIN TODAY!! MY STOMACH HAS ALSO BEEN HURTING VERY BAD TODAY. I WAS ALSO INFORMED THAT THERE ARE NO FILTERS ON THE WATER FOUNTAINS IN OUR UNIT (C-3). I HAD STATED, IN AN ELECTRONIC "REQUEST TO STAFF" DATED 7-28-2019, TO WARDEN HUDGINS, THAT THE WATER FROM THE WATER FOUNTAIN WAS ALSO LIGHT BROWN IN COLOR, LEAVING US WITH NO ALTERNATIVE WATER SOURCE. HIS MEMO STATES THAT THE WATER IN THE COMMISSARY IS FOR RECREATIONAL USE ONLY AND IS NOT A SUBSTITUTE FOR POOR WATER QUALITY. THE WARDEN NEVER CAME AND TALKED TO ME ABOUT THIS ISSUE NOR DID HE OBTAIN (A) SAMPLE(S) OF WATER FROM MY CELL TO CONFIRM WHAT HE AND MR. WILSON CLAIMED IN THEIR WATER QUALITY REPORT. IF THE WATER QUALITY IS WHAT THEY SAY IT IS, THEN THERE SHOULD HAVE BEEN NO PROBLEM TESTING THE WATER AND ME FOR CONTAMINANTS. THEY HAVE ALSO FAILED TO NOTIFY ME/INMATE POPULATION ABOUT WATER QUALITY ISSUES. WE WERE TOLD, OVER THE PA SYSTEM ON 3-2-2019 TO STOP ASKING ABOUT THE WATER. IT WAS..

8-15-2019    (2)eg BP-8 PACKAGE ☑RTS DATED 2-4-19 (4)eg      BP-10 PACKAGE (12) 2216 TOTAL
             (7)egs ☑BP-9 PACKAGE ☑RTS DATED 7-28-19 (2)egs
DATE         See Continuation Page...                     Joseph R. Mays
                                                          SIGNATURE OF REQUESTER

Part B - RESPONSE

_____
DATE                                          REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

Part C - RECEIPT

                                              CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.        UNIT          INSTITUTION
SUBJECT: _____

_____
DATE                                  SIGNATURE, RECIPIENT OF REGIONAL APPEAL

                                                              BP-230(13)

JOSEPH R. MAYS   43487-007   FCI Gilmer, WV          August 15, 2019

Continuation Page - BP-10 (RE: SAFETY OF THE INSTITUTION WATER)
          RE: Remedy ID No.: 983857-F1

... turned off (water). Therefore we NEEDED to know/have a RIGHT to know, That amounts to cruel and unusual punishment. And, the Warden and the other responsible officers were deliberately indifferent to my basic needs - water for survival/life and to my serious medical needs. My stomach hurts after I drink the water. Excessive iron and chlorine, if there are the contaminants, cannot be good for the human body. I had also requested a test to check for contaminants in my body. That request was refused as well. A reasonable person [from 11/22/19] would have had no problem performing such a test because they would have no problem standing on their word as to the safety of the water. And, since they know the water is clean, they would welcome confirmation of this via water and blood tests as I had requested.

As relief, I am requesting that the ACTUAL water quality information be made known to me/inmate population (the water issue affects ALL of us, not just me) [Jam 11-22-19]. If the water quality is poor, then we NEED to receive bottled water. Because this issue DIRECTLY affects my life, I will appeal this appeal if no action is taken to PROPERLY address and remedy the water quality issues.

I received a reply to my grievance, on 8-2-2019, from C-3 Unit Officer/ C-3 Unit Secretary Mr. Wilson at 20:00 (8:00PM). I did not have enough money for copy cards and stamps until today. I also want to point out how long it took staff (Warden's Office) to process my grievance. It was ten days shy of two (2) months. I gave it to C-3 Unit Counselor Mr. Sligar on 6-12-2019, but the Warden's Office says they received it on 7-11-2019, nearly a month later. And I received NO notice for an extension of time to respond and didn't get a receipt until thirty-seven (37) days later. I also request that staff be made to adhere to deadlines just as we are required to. Thank you for your time and attention to this very important matter. Have a nice day.

Respectfully submitted,

Joseph R. Mays

| ATTACHMENTS: | |
|---|---|
| - RTS (WARDEN HUDGINS - 7-28-19) | (2) PGS |
| - RTS (HEALTH SERVICES - 2-4-19) | (4) PGS |
| - OHSA MEMO FROM WARDEN SAAD | (1) PG |
| - NOTICE TO INMATE POPULATION (RE: ABILITY TO NOTIFY INMATES) | (1) PG |
| - COVER PAGE (BP-9 RESPONSE) 8-2-19 | (1) PG |
| - WARDEN RESPONSE 7-26-19 | (3) PGS |
| - RECEIPT (REMEDY ID 983857-F1) 7-19-19 | (1) PG |
| 6-12-19  - BP-9 FORM - 6-11-19 | (1) 3PART PG |
| 5-29-19  - BP-9 FORM (COPY)- REWD BY MR.SLIGAR | (1) PG |

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

RE: SAFETY OF THE INSTITUTION WATER (QUALITY ISSUES)

(PAGES) Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

From: MAYS, JOSEPH R.          43487-007     C-3/119u    FCI GILMER, WV
_____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.        UNIT          INSTITUTION

**Part A– INMATE REQUEST** I AM FILING A FORMAL COMPLAINT ABOUT THE WATER QUALITY AT THIS INSTITUTION— FCI GILMER, WV. I APPRECIATE THE RESPONSE BY MR. WILSON (R. WILSON) IN SAFETY, DATED 5-24-2019, BUT IT DOES NOT ADEQUATELY ADDRESS MY CONCERNS ABOUT THE PHYSICAL REACTIONS (STOMACH PAIN INCREASE AND KIDNEY PAIN INCREASE) AFTER DRINKING THE WATER IN THE MORNING AND AT THE NOON AND EVENING MEALS IN THE DINING HALL. DRINKING WATER – CLEAN WATER – SHOULD NOT CAUSE THESE REACTIONS IN MY BODY. I AM AWARE THAT PEOPLE'S BODIES REACT DIFFERENTLY TO DIFFERENT SUBSTANCES, HOWEVER WATER, UNLESS THERE ARE IMPURITIES IN IT, SHOULD NOT CAUSE MY BODY TO REACT IN SUCH A MANNER. THE BAD PART IS THAT I HAVE TO HAVE WATER TO LIVE MY MEDICINE. AND, AS MR. WILSON POINTED OUT IN THE BP-8 RESPONSE, THE BOTTLED WATER IS NOT A SUBSTITUTE FOR CLEAN DRINKING WATER. I WOULD NOT BE FINANCIALLY ABLE TO BUY/SUSTAIN AN ADEQUATE SUPPLY TO ALLEVIATE MY PROBLEM. AS RELIEF, I WOULD LIKE A TEST PERFORMED ON THE WATER IN MY UNIT (C-3/119u) AND IN THE DINING HALL WHERE I GET WATER ON A DAILY/REGULAR BASIS. I WOULD ALSO LIKE TO BE [REQUEST TO BE TESTED FOR POSSIBLE [WATER] CONTAMINANTS. I SHOULD NOT HAVE TO SUFFER MORE PAIN (GENERALLY 6-7 AN INCREASE OF THESE LEVELS) IN ADDITION TO THE PAIN I AM ALREADY SUFFERING FROM - AN ONGOING CONDITION THAT BEGAN ON 2-20-2016. I THANK YOU FOR YOUR TIME AND HELP WITH THIS SERIOUS PROBLEM. RESPECTFULLY SUBMITTED
6-11-2019   ATTACHMENTS: BP-8 (1) PAGE 5-24-19
                        BP-8 RESPONSE (1) PAGE          [signature] Joseph Randolph Mays
_____
DATE ** I NOTICE STAFF MEMBERS BRINGING THEIR OWN WATER   SIGNATURE OF REQUESTER TO WORK

**Part B– RESPONSE**

_____
DATE                                              WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE          CASE NUMBER: 983857-7-1

                                                         CASE NUMBER: 983857-F1

**Part C– RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.        UNIT          INSTITUTION

SUBJECT: _____

_____
DATE                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                    BP-229(13)
                                                          APRIL 1982

21 p 1

6/16/2020   RECEIVED GRIEVANCE RESPONSE (989857-A2) FROM UNIT OFFICER MEADOWS JM
1437 dm   *** WITHOUT ENVELOPE ***

JOSEPH RANDOLPH MAYS, 43487-007
GILMER FCI     UNT: C     QTR: C03-219U
P.O. BOX 5000
GLENVILLE,   WV 26351

ATTACHED DOCUMENTS:

• RESPONSE - PART B - ADMINISTRATIVE REMEDY NO. 989857-A2
  - DATED 5-22-2020 AND RESPONDED TO AND SIGNED BY IAN CONNOR
  (NATIONAL INMATE APPEALS ADMINISTRATOR)
  1 page

• CONTINUATION PAGE (BP-11 - (REMEDY ID NO.: 989857-A2) DATED 11-22-2019)
  1 page

• BP-11 DATED 11-22-2020 (REMEDY ID NO.: 989857-A1/A2 (SAME WITH CONTINUATION PAGE))
  1 page

• Missing Envelope for grievance

21 p 2

...inistrative Remedy No. 983857-A2
_art B - Response

This is in response to your Central Office Administrative Remedy
Appeal, wherein you claim the water at FCI Gilmer is unsafe.  For
relief, you make numerous request to include water testing and
monetary compensation.

We have reviewed documentation relevant to your appeal and, based
on our findings, concur with the manner in which the Warden and
Regional Director responded to your concerns at the time of your
Request for Administrative Remedy and subsequent appeal.  The Warden
provided a detailed response and debunked your aforementioned claim.
FCI Gilmer makes every effort to ensure a safe and healthful
environment for all inmates and staff.

The Administrative Remedy Program does not provide for monetary
relief.  Your request for monetary compensation should be pursued
through the appropriate statutorily mandated procedure to resolve
this issue.  You can obtain the proper forms from your Unit Team

Accordingly, this response is for informational purposes only.

_____5/22/20_____                    _____
Date                                 Ian Connors, Administrator
                                     National Inmate Appeals

☆ RECEIVED RESPONSE (COVER SHEET, THIS PAGE, BP-11 FORM DATED 11-22-2019 (ORIGINAL COPY),
AND CONTINUATION PAGE (BP-11) DATED 11-22-2019 - 4 PAGE TOTAL ONLY), ON 6-16-2020, FROM
C-3 UNIT OFFICER MEADOWS AT 1437.

...TS        43487-007      FCI Gilmer, WV                    November 22, 2019

20p3

...tion Page - BP-11 ( RE: SAFETY OF THE INSTITUTION WATER / QUALITY ISSUES )    2/4

RE: Remedy ID No.: 983857-R1    ⑱

... C-3(219), 2) PROVIDING ME WITH BOTTLED WATER, 3) TESTING MY BLOOD, HAIR, AND URINE FOR POSSIBLE WATER-BORNE CONTAMINANTS, AND 4) GIVING AT LEAST MINIMAL CONSIDERATION THAT THE CHEST PAINS, CYANOSIS AND RESULTANT HYPOXEMIA, SINCE SEPTEMBER 7, 2019, MIGHT BE THE RESULT OF EXCESSIVE CONTAMINANTS IN MY BODY FROM THE DRINKING WATER. AS TO THE LATTER, THE WARDEN, EMT BREMAR, NURSE HALL, HSA MOORE, PA WILSON, AND J. HOUCHIN, TO NAME A FEW, MADE NO EFFORT TO SEND ME OUT TO THE HOSPITAL TO GET ME CHECKED OUT. I NOW HAVE BRADYCARDIA (ABNORMALLY SLOW HEART RATE), BUNDLE BRANCH BLOCK (INCOMPLETE/RIGHT), AND MY EKG, DATED 10-21-2019, FROM WHICH THE LATTER TWO ISSUES WERE REPORTED, WAS BORDERLINE. WHY HASN'T THE INMATE POPULATION BEEN OFFICIALLY NOTIFIED, IN WRITING, BY THE WARDEN OR FACILITIES STAFF, ABOUT THE NEW WATER TOWER? THE MAJORITY OF ALL STAFF THAT I SEE DRINK BOTTLED WATER, GET WATER FROM AN ALLEGED WATER FILTRATION SYSTEM IN THE STAFF AREA BETWEEN C-3 AND C-4 (UNITS) OR THEY BRING THEIR OWN WATER OR DRINKS, THEY DON'T DRINK OUT OF THE WATER FOUNTAINS ON THE UNIT (C-3). AS RELIEF, I AM ASKING, FOR THE THIRD TIME, TO: 1) HAVE THE WATER IN MY CELL (C-3(219) TESTED, 2) TO HAVE MY BLOOD, HAIR, AND URINE TESTED FOR CONTAMINANTS FROM THE WATER, 3) TO BE PROVIDED WITH BOTTLED WATER UNTIL THE NEW WATER TOWER IS OPERATIONAL AND THE WATER IN MY CELL TESTS NEGATIVE FOR CONTAMINANTS ([ACTUALLY] SAFE TO DRINK), 4) ACCOUNTABILITY FOR THOSE RESPONSIBLE FOR ALLOWING THIS TO HAPPEN, IF IT FOUND OUT, IN THE FUTURE, THAT THE WATER WAS CONTAMINATED, AND 5) IF THE LATTER IS TRUE, TO BE COMPENSATED FOR THE PAIN AND SUFFERING (STOMACH/ABDOMINAL AND KIDNEY PAIN) THAT I HAVE ENDURED EVERY DAY, FOR MORE THAN A YEAR DUE TO THE DEPRIVATION OF CLEAN DRINKING WATER, OVER WHICH I HAVE ABSOLUTELY NO CONTROL OR CHOICE DUE TO MY STATUS AS AN INMATE. I MUST DEPEND ON PRISON STAFF AS PER 18 U.S.C. § 4042(a)(2) and Estelle v. Gamble 429 U.S. 97, 104, 97 S. Ct. 285 (1976) ( It is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself.")

Respectfully submitted,

Joseph R. May, 43487-007

Attachments - PAPER "RTS" DATED 11-21-2019 (DR. SUGAR)            (1) PG
* NEW "RTS" INSERTED HERE
PAPER "RTS" DATED 10-23-2019 (DR. SUGAR)            (1) PG
PAPER "RTS" DATED 10-18-2019 (DR. SUGAR)            (2) PGS
W/ SENTRY ARS PRINTOUT (983857-R1) 10-18-19
INMATE BULLETIN - INSTITUTION SCHEDULE  9-17-2019  (2) PGS
(RE: ABILITY TO NOTIFY INMATE POPULATION )
ELECTRONIC "RTS" DATED 10-10-2019 (DR. SUGAR)      (1) PG
E  * ELECTRONIC "RTS" DATED 10-21-2019 (HEALTH SERV.)  (2) PGS
E  * SICK CALL REQUESTS (12-20-18 & 4-18-19)          (2) PGS
E  * ELECTRONIC "RTS" DATED 6-20-2019 (HEALTH SERV.)   (2) PGS

* - MEDICAL ISSUES - POSSIBLE COMPLICATIONS OF WATER QUALITY
E - EXACERBATING FACTOR (WATER IN CELL) - STOMACH PAIN

* NEW PAPER "RTS" DATED 2-4-2020 (MAILROOM)  1 PAGE
DELAY DUE TO LOCKDOWN (MEDICAL) AND PURCHASE OF COPY CARDS

7017 2100 0000 55 9 1986   Rec'd 6/16/2020 (A2) ④

**Central Office Ad**    **istrative Remedy Appeal**

_734 2740_   RE: REMEDY ID No.: **983857-R1** (REGIONAL APPEAL)
***RE: SAFETY OF THE INSTITUTION WATER (QUALITY ISSUES)***

pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attach-
mitted with this appeal.** ** I SHOULD NOT BE RETALIATED AGAINST FOR FILING THIS GRIEVANCE ** 2/1/22

| MAYS, JOSEPH R. | 43487-007 | C-3/219U | FCI GILMER, WV ② |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. [60+ DAYS] | UNIT | INSTITUTION |

**A - REASON FOR APPEAL** I AM APPEALING THE LACK OF RESPONSE TO MY GRIEVANCE (REMEDY ID No.: 183857-R1 DATED 8-15-2019) BY THE MID-ATLANTIC REGIONAL OFFICE. I MAILED MY GRIEVANCE TO THEM ON OR ABOUT 8-15-2019. A SENTRY REPORT SHOWS THAT IT WAS RECEIVED ON 8-22-2019. IT SAYS THE DUE DATE FOR A RESPONSE WAS 10-21-2019. I WAS NOT GIVEN/HAVE NOT RECEIVED AN EXTENSION NOTICE FROM THE MID-ATLANTIC REGIONAL OFFICE. THIRTY-FIVE (35) DAYS HAVE PASSED AND I HAVE NOT RECEIVED A RESPONSE. I DO, HOWEVER, SEE A **NEW** WATER TOWER TO THE RIGHT OF THE CURRENT WATER TOWER. THIS CONFIRMS MY SUSPICIONS ABOUT THE WATER SUPPLY. WHAT IS THE EXACT REASON, OR REASONS, ↓ FOR THE REPLACEMENT OF THE TOWER? IF THE WATER IN THE OLD TOWER WAS |**FCI GILMER, WV** CONTAMINATED AND THE WARDEN AND OTHERS KNOW/KNEW ABOUT IT, THEN ALL PARTIES WITH KNOWLEDGE OF THIS PROBLEM ARE CRIMINALLY AND CIVILLY LIABLE FOR THE NEGATIVE HEALTH EFFECTS THAT I HAVE BEEN SUFFERING FROM AS A RESULT. IN SHORT, ALL RESPONSIBLE PARTIES HAVE BEEN **DELIBERATELY INDIFFERENT** TO MY HEALTH AND SAFETY AND MADE **NO EFFORT** TO SHOW CONCERN, COMPASSION, AND DIGNITY FOR MY LIFE BY: 1) TESTING THE WATER IN MY CELL(S) (C-3/119 AND THEN...

WATER (SUPPLY) TANKS/TOWER OLD   NEW

ON T OF THE ADVIE REC YARD

AS VIEWED ON 11-2-20

| 11-22-2019 | See Continuation Page... | _Joseph Rashid Mays_ |
|---|---|---|
| DATE |  | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

RECEIVED
DEC 05 2019
Administrative Remedy Section
Federal Bureau of Prisons

RECEIVED
FEB 18 2020
Administrative Remedy Section
Federal Bureau of Prisons

| DATE | GENERAL COUNSEL |
|---|---|
| ORIGINAL: RETURN TO INMATE | CASE NUMBER: **983857-A1,A2** |

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

DATE   SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

NDWV2

**Attachment A**

8.    Approximate date of disposition. Attach Copies: __N/A__

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?  N/A
      ☐ Yes        ☐ No

D.    If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought.
      __N/A__

E.    Did you exhaust available administrative remedies?
      ☐ Yes        ☐ No  N/A

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted.
      __N/A__

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

      1.    Parties to previous lawsuit:

NDWV 2
**Attachment A**

Plaintiff(s):   *N/A*

Defendant(s):   *N/A*

2.   Name and location of court and case number:
   *N/A*

3.   Grounds for dismissal:   □ frivolous   □ malicious
   □ failure to state a claim upon which relief may be granted

4.   Approximate date of filing lawsuit:   *N/A*

5.   Approximate date of disposition:   *N/A*

## V.   STATEMENT OF CLAIM

*State here, as* **BRIEFLY** *as possible, the* facts *of your case. Describe what* each *defendant did to violate your constitutional rights.* **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** *Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph.* **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES. NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)**

CLAIM 1: The Defendants were deliberately indifferent to the Plaintiff's need for clean drinking water in violation of the Eighth Amendment to the Constitution.

Supporting Facts: 1. Defendants Hudgins and R. Wilson refused to test the water in the Plaintiff's cell(s) (C-3 119/219).

NDWV2
**Attachment A**

2. Defendants Hudgins, Wilson (R.), Harmon, Connors, and Massey have all refused to come to the Plaintiff's cell to view the problem for themselves.

3. Defendants Anderson and A. Wilson refused to schedule endoscopic exam to verify cause of severe stomach pain AFTER being made aware of water issue.

CLAIM 2: The Plaintiff was subjected to cruel and unusual punishment when the Defendants, despite numerous complaints about the quality of the water (cloudy and sometimes rust-colored) and the ongoing effects on his health (severe stomach/abdominal (kidney pain), allowed these conditions to remain, in violation of the Eighth Amendment.

Supporting Facts: 34. Defendants Hudgins, R. Wilson, Miller, Harmon, and Connors are all aware of the Plaintiffs complaints about pain or know their acts (Defendant Miller) create health hazards (improper flushing) as a result of the dirty/contaminated water.

35. Defendants A. Wilson and Anderson, by blocking access to diagnosis and treatment are being cruel to the Plaintiff.

CLAIM 3: The Defendants conspired to interfere with the Plaintiff's civil rights by refusing to respond to the grievance at the Regional and Central Office levels in a timely manner, delaying his receipt of his grievances (e.g. missing envelopes to hide postmark date) and original copies, and interference with the Plaintiff's right to provide a medical care provider truthful information (water quality) to aid in his medical diagnosis.

Supporting Facts: 36. As to 35. above Defendants A. Wilson and Anderson conspired to block this diagnosis because Defendant R. Wilson is her (Defendant A. Wilson) husband.

37. Defendants Clem, Harmon, and Connor conspired to delay the Plaintiff

38. Defendant Massey conspired to interfere by defending the Warden (water quality) at the hospital on 1-27-2020.

CLAIM 4: N/A

Supporting Facts: N/A

NDWV2
Attachment A

CLAIM 1: (contid...)

4. The Plaintiff submitted a BP-8 (Informal Resolution Form), on 5-29-2019, to Defendant Sligar, to address his concerns about the safety and quality of the water at FCI Gilmer, in Glenville, WV.

5. As to paragraph 4., the Plaintiff stated how his stomach would hurt after he drank the water in the/his cell (C-3/119 and C-3/219).

6. As to paragraph 4., the Plaintiff stated that he has NO choice but to drink the water, since he cannot provide his own water.

7. As to paragraph 4., the Plaintiff stated that the water at FCI Gilmer may be aggravating his stomach, abdominal, and kidney problems (pain).

8. As to paragraph 4., the Plaintiff stated that the water has a musty/earthy odor at times and is often cloudy in color and bubbles form in his cup after it sits for a while.

9. Defendant R. Wilson responded to the Plaintiff's BP-8 on 5-29-2019.

10. As to paragraph 9., Defendant R. Wilson stated that the water provided to FCI Gilmer is processed and tested by the City of Glenville, West Virginia.

11. Defendant R. Wilson continued by stating, "the Gilmer County Public Service District monitors the water provided to the institution to ensure that contaminants do not exceed acceptable levels outlined in the Safe Drinking Water Act put forth by the Environmental Protection Agency."

12. The Plaintiff believes that the water at FCI Gilmer is contaminated with excessive chlorine, trihalomethanes and/or haloacetic acid (chlorination byproducts) and/or chlorine compounds (ferrous chloride and/or cuprous chloride), which are formed when chlorine reacts with iron or copper in the pipes, respectively.

Page 14A

CLAIM 1: (contid...)

13. Defendant Massey confronted the Plaintiff, on 1-27-2020, at St. Joseph's Hospital, after he came out from under the anesthesia, about his report, to the nurses, to consider the possibility of the water at the institution causing his stomach/abdominal pain so they could be informed and make a proper diagnosis.

14. Defendant R. Wilson stated that, "The City of Glenville [West Virginia] has measures in place to immediately notify FCI Gilmer should an event ever arise where the water would become unsafe to drink."

15. Defendant R. Wilson went on to state that, "In such event, the inmate population would be notified and bottled drinking water would be provided, until the water is once again safe for consumption."

16. The Plaintiff cannot afford to buy enough water (bottled) to sustain himself because he must then choose between items like hygiene, legal supplies (pens, typing paper, copy cards, stamps, etc., which is also an access to the court/constitutional issue), purchase of TruUnits to communicate with family, and food to try to maintain some degree of a bland diet for my stomach/ abdominal issues.

17. As to 16., there is also the possibility of the bottled water being "out of stock" - unavailable for purchase.

18. Defendants R. Wilson, Hudgins, Harmon, Connors, and Massey all claim that the drinking water at FCI Gilmer is safe.

19. The majority of officers at FCI Gilmer bring their own water to work and get water from the staff area.

20. The water fountains for inmates on C-4 unit, at FCI Gilmer, which is where the Plaintiff is housed, DO NOT work.

Page 14B

NDWV2
Attachment A

# CLAIM 1: (contid...)

21. Staff members in C-3/C-4 unit have access to a working water fountain (Elkay $H_2O$) with a filtration system on it for their water bottles, thermoses, etc., but C-4 inmates do not.

22. The Defendants HAVE NOT provided or suggested an alternate solution for the Plaintiff to receive clean water.

23. A new water tower has been installed (November 2019) since the Plaintiff filed his grievance. See BP-11 (983857-A1/A2)

24. There was a 29 day delay between the time the Plaintiff gave the BP-9 (Request for Administrative Remedy) to Defendant Sligar (6-12-2019) and when it was received at the Warden's Office on 7-11-2019.

25. Defendant Hudgins stated the following, "Your Request for Administrative Remedy # 983857-F1 was received on July 11, 2019. You state the water quality at FCI Gilmer is poor and causing health concerns and you would like it tested."

26. Defendant Harmon was made aware of the water quality issues in the Plaintiff's Appeal ((BP-10) Regional Administrative Appeal - 983857-R1) dated 8-15-2019, but responded late (5-21-2020).

27. The Plaintiff made Defendant A. Wilson aware of his water-related stomach/abdominal/kidney pain through an electronic "Request to Staff" dated 6-17-2019.

28. The Plaintiff has a cyst in his left kidney (4.3cm/1.6"in diameter) and may be a result of drinking the contaminated water.

Page 14C

NDWV2

CLAIM 1: (cont'd...)                                    Attachment A

29. Upon information and belief, Defendant Miller, through his failure to properly flush the sewer system at FCI Gilmer has contaminated the drinking water and may be the cause of H. pylori infections and, thereby, is deliberately indifferent to the Plaintiff's need for clean water.

30. Defendant Sligar was deliberately indifferent to the Plaintiff's issues (need for clean water), when he delayed the receipt of the BP-9 at the Warden's Office and by delaying the receipt of the status report of the BP-10 (Regional Appeal - 983057-R1).

31. Defendant Clem was deliberately indifferent to the Plaintiff's issues (need for clean water), when he purposefully returned the grievances (983857-A1 and 983857-A2) on 1-10-2020 and 6-16-2020, respectively, WITHOUT their envelopes so the Plaintiff could not see the postmark and be able to determine if they were intentionally delayed.

32. Defendant Saad was deliberately indifferent to the Plaintiff because she had prior knowledge of a problem with the water system and, allegedly, coordinated with the Army Corps of Engineers to construct a new water tower.

33. Defendant John Doe was deliberately indifferent to the Plaintiff, and all other inmates on the compound, when he, on or about 3-1-2019, told us (inmates) to stop asking about the water (it was shut off and we (inmates) were not notified and had no drinking water available).

Page 14D

NDWV 2
**Attachment A**

N/A

CLAIM 5: N/A

Supporting Facts: N/A

VI.    INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

STOMACH/ABDOMINAL PAIN (SEVERE AT TIMES) AFTER DRINKING THE WATER, POSSIBLE DAMAGE TO MY STOMACH LINING DUE TO POSSIBLE EXPOSURE TO EXCESSIVE CHLORINE, IRON, TRIHALOMETHANES (THM), AND HALOACETIC ACID. MAY HAVE ALSO BEEN EXPOSED TO H. PYLORI BACTERIA, WHICH, IF UNTREATED, CAN LEAD TO STOMACH CANCER, AS A RESULT OF ALLEGED IMPROPER FLUSHING OF THE SEWER SYSTEM, WHICH, IN TURN, CONTAMINATED THE DRINKING WATER. PLAINTIFF'S LEFT KIDNEY CYST MAY BE THE RESULT OF CONTAMINATED WATER.

VII.    RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

1) ORDER THE DEFENDANTS TO TEST THE WATER IN PLAINTIFF'S CELL
2) ORDER THE DEFENDANTS TO PROVIDE BOTTLED WATER TO INMATES UNTIL THE WATER IN THE HOUSING UNITS TESTS "SAFE".
3) ORDER THE DEFENDANTS TO INCLUDE INSPECTION AND TESTING OF HOUSING UNIT WATER ON A REGULAR BASIS IN THE FUTURE
4) ORDER THE DEFENDANTS TO SEND THE PLAINTIFF TO AN OUTSIDE PROVIDER TO PROVIDE THE MEDICAL EVIDENCE HE NEEDS TO PROVE THE INJURY CLAIM IN SECTION VI.
5) ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER, AND EQUITABLE TO DETER FUTURE CONDUCT OF THIS KIND BY THE DEFENDANTS.

NDwv 2

**Attachment A**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.


Executed at  FCI Gilmer, Glenville, WV   on _____9 - 16 - 2020_____.
          (Location)                              (Date)



_____
Your Signature

NDWV2

**Attachment E**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH RANDOLPH MAYS, pro se

_____

_Your full name_

v.                                                    Civil Action No.: 3:20cv 181

Richard Hudgins

Rick Wilson

Brent Miller

D. J. Harmon

_Enter above the full name of defendant(s) in this action_
Continued on Page 7A

**Certificate of Service**

I, JOSEPH RANDOLPH MAYS_____ (your name here), appearing _pro se_, hereby certify

that I have served the foregoing FEDERAL CIVIL RIGHTS COMPLAINT_____(title of

document being sent) upon the defendant(s) by depositing true copies of the same in the

United States mail, postage prepaid, upon the following counsel of record for the

defendant(s) on ____9-20-2020____ (insert date here):

★ Request Clerk to electronically file a copy to:

(List name and address of counsel for defendant(s))

United States Attorney's Office
PO Box 591
1125 Chapline Street
Suite 3000
Wheeling WV 26003

_____
(sign your name)

_United States District Court_                25                _Northern District of West Virginia-2013_